### ELISHA CLARK *vs.* HARRY SPENCER.

Suit commenced in Wayne Circuit by declaration in assumpsit. Neither party resided in Wayne County. Defendant plead in abatement the want of jurisdiction in the Court the statute providing that actions of this kind shall be *tried* in the county where one of the parties shall reside at the time of commencement of suit. *Held*, on demurrer to plea in abatement that the law referred to does not prevent the *commencement* of the suit in a county where neither party resides, but only the *trial* of the cause, and that the only effect of the law in such case is to remove the cause for *trial* into a county in which one of the parties resided at the time of the commencement of the suit.

*Wayne Circuit, March*, 1871.

*J. W. A. S. Cullen*, for Plaintiff.

*L. T. Griffin*, for Defendant.

Demurrer to plea in abatement.

*By the Court*, PATCHIN, J.—The plaintiff in this case resides in Windsor, Canada, and the defendant in Oakland County, in this State.

CLARK v. SPENCER.

The suit was commenced by declartion in assumpsit, which was served upon the defendant in this county. The defendant put in a plea of abatement, to which the plaintiff demurred.— The only question raised by the demurrer is, whether both parties being non-resident, this Court has jurisdiction of the cause. It is conceded that, so far as the pleadings show, before the plea in abatement, jurisdiction was complete, but it is claimed that as soon as it appears that both parties are non-residents that jurisdiction ceases.

The statute provides that actions of this kind shall be *tried* in the county where one of the parties shall reside at the time of commencing such action, unless the Court shall deem it necessary for the convenience of parties and their witnesses, or the purposes of a fair and impartial trial, to order any such issue to be tried in some other county, in which case the same shall be tried in the county so designated. *Laws of* 1869, page 9. My attention has not been called to any other statute affecting the case in any particular. It will be noticed that the place of trial is only mentioned here, and not the commencement of suit. It is quite clear that the effect of the law would be to remove the cause for *trial* in the county where one of the part'es resided at the commencement of the suit, unless otherwise ordered by the Court for some of the reasons mentioned in the law, for if the cause is *tried* in such county the law is fully complied with.

It cannot be claimed that the cause must be tried in the county where it is commenced, for the reason that there is no such provision in the law, it only providing that regardless of the commencement, the cause must be *tried* in a certain locality. The case at bar undoubtedly, unless coming within the exceptions, cannot be tried in this county.

The demurrer, therefore, must be sustained.